IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 0 4 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00699-BNB

JOHN W. GUNTER,

    Applicant,

v.

DICK SMELSER, Warden of Crowley County Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondent.

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, John W. Gunter, attempted to initiate this action on March 21, 2011, with an unsigned application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 submitted to and filed with the Court on his behalf by James Grimaldi, Esq. The $5.00 habeas corpus filing fee has been paid in this action.

On March 28, 2011, Magistrate Judge Boyd N. Boland entered an order directing Mr. Grimaldi to apply within thirty days for admission to the bar for this Court. In the March 28 order, Magistrate Judge Boland noted that Mr. Grimaldi, an attorney in Texas, filed a notice of limited representation as an attachment to the habeas corpus application, informing the Court that he is a member of the Colorado bar and the bar for the United States Court of Appeals for the Tenth Circuit, and that he provided *pro bono* assistance to Mr. Gunter in drafting the instant habeas corpus application. However, the Magistrate Judge Boland noted that, according to this Court's records, Mr. Grimaldi is not admitted to the bar of this Court, nor has he filed an application for admission to

the bar of this Court.

Magistrate Judge Boland pointed out that, pursuant to D.C.COLO. LCivR 83.3 and D.C.COLO.LCrR 57.5, admission to the bar of this Court is limited to persons licensed by the highest court of a state, federal territory or the District of Columbia; who are on active status in a state, federal territory or the District of Columbia; and who are in good standing in all courts and jurisdictions where admitted. The magistrate judge also pointed out that, in order to be able to file the instant habeas corpus application on behalf of Mr. Gunter, Mr. Grimaldi must be a member of the bar of this Court. Magistrate Judge Boland noted that the application for admission to the bar of this Court is available on the Court's website, www.cod.uscourts.gov, under the "Forms" tab, and directed Mr. Grimaldi, within thirty days, either to complete and submit the application for admission to the bar of this Court, or file a motion to withdraw from the instant action. Mr. Grimaldi has failed, within the time allowed, to respond in any way to the March 28 order.

Therefore, Mr. Gunter will be directed to file an amended habeas corpus application that he has signed. Anna Gunter, who Mr. Gunter lists as his power of attorney on the caption to the application, may not represent Mr. Gunter in this action. As explained in the recommendation and order in *Sanders v. Funk*, No. 07-cv-00192-LTB-CBS, 2007 WL 1158531 (D. Colo. Apr. 6, 2007), Mr. Gunter either may proceed *pro se* or he may be represented by an attorney, but not may not be represented by another *pro se* litigant acting as his power of attorney:

> [T]he authorization to act under a power of attorney is not an authorization to practice law. Both state and federal

2

courts agree that a statutory power of attorney may not be used to circumvent state law prohibitions on the unauthorized practice of law. *See, e.g.*, Title 28 U.S.C. § 1654 (federal law allows two types of representation in court: that by an attorney admitted to the practice of law by the applicable regulatory body, and that by a person representing himself); *Harris v. Philadelphia Police Dept.*, 2006 WL 3025882 (E.D. Pa. 2006) ("federal courts do not permit a non-attorney to engage in the unauthorized practice of law by pursuing an action pro se with the plaintiff's power of attorney"); *DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) (authority conferred on another by a power of attorney could not be used to circumscribe state laws that prohibit the practice of law by anyone other than a licensed attorney); *People ex rel. Field on Behalf of Field v. Crenshaw*, 138 A.D.2d 765, 526 N.Y.S.2d 579 (N.Y.A.D. 1988) ("New York law prohibits the practice of law in this state on behalf of anyone other than himself or herself by a person who is not an admitted member of the bar, regardless of the authority purportedly conferred by execution of a power of attorney"); *Shell*, 148 P.3d at 175 (relying on stipulation that statutory powers of attorney did not allow respondent to act as an attorney at law); *Kohlman v. Western Pennsylvania Hospital*, 438 Pa. Super. 352, 652 A.2d 849, 852-53 (Pa. Super. 1994) (rejecting claim that an agent authorized to act for a pro se litigant may bring suit for that person as contrary to the constitution, the laws, and the public policy of Pennsylvania); *Drake v. Superior Court*, 21 Cal.App.4th 1826, 26 Cal.Rptr.2d 829 (Cal. App. 4th 1994) (power of attorney is not a vehicle which authorizes an attorney in fact to act as an attorney at law).

Regulation of the unauthorized practice of law is a state matter. *Doyle v. Oklahoma Bar Assn.*, 998 F.2d 1559, 1569 n.6 (10th Cir. 1993) (citation omitted). "Article VI of the Colorado Constitution grants the Colorado Supreme Court jurisdiction to regulate and control the practice of law in Colorado to protect the public." *Smith v. Mullarkey*, 121 P.3d 890, 891 (Colo. 2005) (citations omitted), *cert. denied*, — U.S. —, 126 S.Ct. 1792, 164 L.Ed.2d 519 (2006). "Colorado law prohibits the unauthorized practice of law, *i.e.*, the practice of law by a person who is not a licensed attorney in good standing with the State Bar." *People v. Shell*, 148 P.3d 162, 170 (Colo. 2006) (*en banc*) (citation

> omitted), *petition for cert. filed* (Mar. 19, 2007) [, *cert. denied*, 550 U.S. 971 (2007)]. The Colorado Supreme Court's jurisdiction to regulate and control the practice of law in Colorado "is exclusive." *Smith v. Mullarkey*, 121 P.3d at 891 (citations omitted). *See also Shell*, 148 P.3d at 170 (Colorado Supreme Court "has the exclusive authority to punish the unauthorized practice of law with contempt").

**Sanders**, 2007 WL 1158531 at *3-4.

Mr. Gunter will be allowed thirty days from the date of this order in which to file an amended habeas corpus application that he has signed if he is proceeding ***pro se***. Failure to do so within the time allowed will result in the denial of the application and the dismissal of the instant action.

Accordingly, it is

ORDERED that Applicant, John W. Gunter, is directed to file an amended habeas corpus application **within thirty (30) days from the date of this order** that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Gunter, together with a copy of this order, two copies of the following form, one of which is to be used in submitting the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Gunter fails within the time allowed to file an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as directed, the action will be dismissed without further notice. It is

FURTHER ORDERED that the clerk of the Court mail a copy of this order to James Grimaldi, Esq., at the address he has provided, P.O. Box 103, Kemah, TX

77565.

DATED at Denver, Colorado, this 4th day of May, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
CRAIG B. SHAFFER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00699-BNB

John W Gunter
Prisoner No. 93555
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

James Grimaldi, Esq.
PO Box 103
Kemah, TX 77565

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ Habeas Corpus Pursuant to 28 U.S.C. §2254 form** to the above-named individuals on May 4, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk