IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 9 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00699-BNB

JOHN W. GUNTER,

Applicant,

v.

DICK SMELSER, Warden of Crowley County Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

## ORDER OF DISMISSAL

Applicant, John W. Gunter, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. On June 3, 2011, Mr. Gunter filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 7) challenging the validity of his conviction in El Paso County District Court Case No. 96CR3055. ECF No. 7 is an example of the convention the Court will use to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). The Court will use this convention throughout this order. Mr. Gunter has paid the $5.00 filing fee in a habeas corpus action.

On June 10, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. §

2254(b)(1)(A). The June 10 order specifically stated that "Respondents may not file a dispositive motion as their Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order." See ECF No. 8 at 1. On July 1, 2011, Respondents submitted their pre-answer response styled as a "Combined Motion for Leave to File Motion to Dismiss and Motion to Dismiss." See ECF No. 11. The Court will treat ECF No. 11 as the pre-answer response Respondents were directed to file. Mr. Gunter has not filed a reply to the pre-answer response, although he was given the opportunity to do so.

The Court must construe Mr. Gunter's filings liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Gunter alleges that he was convicted on January 30, 1998, in El Paso County District Court Case No. 96CR3055 on four counts of sexual assault on a child by one in a position of trust and two counts of sexual assault on a child - pattern, based upon incidents in which Mr. Gunter sexually assaulted his two granddaughters. The El Paso County District Court found him guilty of three habitual criminal counts and sentenced him to a mandatory term totaling 128 years in the DOC. After holding a hearing for a proportionality review, the trial court reduced Mr. Gunter's sentence to twenty-six years in the DOC.

2

Mr. Gunter's conviction and sentence were affirmed on direct appeal. *See People v. Gunter*, No. 98CA0313 (Colo. Ct. App. Sept. 14, 2000) (not published). On August 6, 2001, the Colorado Supreme Court denied certiorari review.

Mr. Gunter contends that on December 10, 2001, he filed a postconviction motion pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure, which he asserts was denied on January 2, 2002. He alleges that he did not appeal from the denial. On July 31, 2002, Mr. Gunter filed *pro se* a postconviction motion pursuant to Colo. R. Crim. P. 35(c), in which he also requested the appointment of postconviction counsel. He alleged a number of instances of ineffective assistance of counsel and stated that his convictions and sentence were unconstitutional because they were obtained in violation of his rights to effective assistance of counsel and due process. After the trial court appointed counsel, Mr. Gunter, on January 2, 2003, filed a motion for postconviction relief pursuant to Rule 35(a) and (c) of the Colorado Rules of Criminal Procedure, incorporating the allegations of his 2002 motion and providing supplementary authority, but raising no new claims for relief. Mr. Gunter's counsel moved for an evidentiary hearing.

The trial court scheduled a hearing, Mr. Gunter's counsel withdrew, and new counsel entered his appearance, appeared at the hearing, and requested a continuance to perform further investigation. The trial court granted the request and instructed the new counsel to notify the clerk of the trial court when he was ready to set a hearing date. The record reflects no further communication from Mr. Gunter's new counsel to the trial court, nor does it show that Mr. Gunter's new counsel filed a motion to

withdraw. At no time did Mr. Gunter request a ruling on his 2002 and 2003 motions.

Nearly six years later, on May 26, 2009, Mr. Gunter, through counsel who represented him on direct appeal, filed an amended postconviction motion pursuant to Colo. R. Crim. P. 35(a) and (c). In the motion, Mr. Gunter did not incorporate any of his prior motions for postconviction relief, and argued instead that the trial court erred when it failed to convene a resentencing hearing after it vacated his habitual criminal sentence at the proportionality hearing. The trial court denied the amended motion, holding it was without merit under Colo. R. Crim. P. 35(a) and untimely under Colo. R. Crim. P. 35(c).

On September 9, 2010, the Colorado Court of Appeals affirmed. See ECF No. 11 (pre-answer response), ex. 3 (*People v. Gunter*, No. 09CA1545 (Colo. Ct. App. Sept. 9, 2010)). The state appeals court found that Mr. Gunter's 2009 motion was not cognizable under Colo. R. Crim. P. 35(a). The appeals court also found that his 2009 motion was untimely under Colo. R. Crim. P. 35(c) because it was filed outside the three-year time limit set forth in Colo. Rev. Stat. § 16-5-402. The appeals court further found that the 2009 motion was comprised of new claims not raised in the 2002 and 2003 motions and, because Mr. Gunter did not reassert the claims argued in his 2002 and 2003 motions, they were deemed to be abandoned. On January 18, 2011, the Colorado Supreme Court denied certiorari review. On March 21, 2011, Mr. Gunter initiated the instant habeas corpus action.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d) because Mr. Gunter's 2009 postconviction motion was filed well

beyond the one-year limitations period and his 2002 and 2003 postconviction motions did not toll the limitations period because he abandoned them. Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Gunter's criminal case became final. The

Colorado Supreme Court denied certiorari review in Mr. Gunter's direct appeal of his criminal conviction on August 6, 2001. Mr. Gunter did not seek a writ of certiorari from the United States Supreme Court. As a result, his conviction became final ninety days later, on November 5, 2001,[1] when the time in which he could have petitioned for review in the United States Supreme Court expired. *See* Sup. Ct. R. 13(1); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The one-year limitations period for purposes of § 2244(d) began to run on the next day, November 6, 2001.

The Court next must determine whether any of Mr. Gunter's state court post-conviction motions tolled the one-year limitation period. Pursuant to § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. The issue of whether a postconviction motion is pending is a matter of federal law. *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Here, the limitations period ran for 34 days from November 6, 2001, when the one-year limitations period began to run, until December 10, 2001, when Mr. Gunter filed his Colo. R. Crim. P. 35(b) motion, which the trial court denied on January 2, 2002.

---

[1]The ninetieth day actually fell on Sunday, November 4, 2001; however, the one-year limitation period is continued until the next business day, or Monday, November 5, 2001.

Mr. Gunter had 45 days from January 2, 2002, until February 16, 2002, to seek an appeal under state law. *See Gibson*, 232 F.3d at 804, *see also* Colo. R. App. P. 4(b). He failed to do so.

From February 16, 2002, until July 31, 2002, when Mr. Gunter filed his Colo. R. Crim. P. 35(c) motion, an additional 165 days passed. The 2002 motion was pending when, on January 2, 2003, he filed, through counsel, an amended motion for postconviction relief pursuant to Colo. R. Crim. P. 35(a) and (c). On May 29, 2009, he filed the amended Colo. R. Crim. P. 35(a) and (c) postconviction motion, which the trial court denied, the Court of Appeals affirmed, and on January 18, 2011, the Supreme Court denied certiorari. Sixty-three days later Mr. Gunter filed his original habeas corpus application in this Court. Therefore, 262 days (34 + 165 + 63 days) elapsed by the time Mr. Gunter initiated the instant action.

However, his 2009 postconviction motion was filed well-beyond the one-year limitations period, and his 2002 and 2003 motions for postconviction relief did not toll the limitations period because he abandoned these motions. Whether a postconviction motion is "pending" is a matter of federal law, which "require[s] some inquiry into state procedural laws" and a determination as to "whether a petitioner was properly employing 'state court procedures' in an attempt to exhaust state remedies." *Gibson*, 232 F.3d 806.

Mr. Gunter contends that his habeas corpus application was filed in a timely manner because his 2002 and 2003 postconviction motions remained pending until the Colorado Supreme Court denied certiorari review following the appeal from the denial of

his 2009 motion. However, as the Colorado Court of Appeals noted in No. 09CA1545, Mr. Gunter's appeal from the denial of his 2009 motion, the "2009 motion does not refer to or incorporate his prior postconviction claims, but instead consists of entirely different arguments" and "[i]n any event, defendant did not reassert the earlier claims in his opening brief in this court." (ECF No. 11 (pre-answer response), ex. 3 at 9. Therefore, the state appeals court found that Mr. Gunter "abandoned the claims argued in the 2002 and 2003 motions." (ECF No. 11 (pre-answer response), ex. 3 at 7. *See also People v. Fuqua*, 764 P.2d 56, 58 (Colo. 1988) (under Colorado law, a motion for postconviction relief may be deemed abandoned if the defendant "fails to take reasonable efforts to secure an expeditious ruling on the motion").

At the latest, Mr. Gunter abandoned the claims asserted in his 2002 and 2003 postconviction motions on September 25, 2004, a year after the last activity pertinent to the motions. *See* ECF No. 11 (pre-answer response), ex. 2 (state court register of actions) at 10. *See also* Colo. R. Crim. P. 57(b) ("If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of Criminal Procedure or with any directive of the Supreme Court regarding the conduct of formal judicial proceedings in the criminal courts, and shall look to the Rules of Civil Procedure and to the applicable law if no rules of Criminal Procedure exists."); Colo. R. Civ. P. 121 § 1-10(3) ("If the case has not been set for trial, no activity of record in excess of 12 continuous months shall be prima facie failure to prosecute"); Colo. R. Civ. P. 59(j) ("The court shall determine any post-trial motion within 60 days of the date of the filing of the motion. . . . Any post-trial motion that has not been decided

within the 60-day determination period shall, without further action by the court, be deemed denied for all purposes including Rule 4(a) of the Colorado Appellate Rules and time for appeal shall commence as of that date.").

Because the 2002 and 2003 postconviction motions were abandoned by September 25, 2004, they did not serve to toll the limitations period until the amended motion pursuant to Colo. R. Crim. P. 35(a) and (c) was filed on May 26, 2009. *See Wood v. Milyard*, 403 Fed App'x 335, 339 (10th Cir. 2010) (not published); *see also Wesley v. Curtis*, 177 Fed. App'x 475, 477 (10th Cir. 2006) (not published) (state habeas corpus applicant's motion for new trial that was never ruled upon was not still pending because under state law '[w]here no ruling has been made on a motion for a prolonged period of time, the motion is presumed to have been waived or abandoned absent circumstances suggesting otherwise."). Therefore, the habeas corpus application appears to be time-barred.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is

9

appropriate only if the inmate pursues his claims diligently. See *Miller*, 141 F.3d at 978. Finally, Mr. Gunter bears the burden of demonstrating that equitable tolling is appropriate in this action. See *id.* at 977.

Mr. Gunter fails to assert any basis for equitable tolling. Therefore, under § 2244(d), Mr. Gunter is time-barred from filing a federal habeas corpus action in this Court. Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Gunter has exhausted his state court remedies.

Accordingly, it is

ORDERED that the "Combined Motion for Leave to File Motion to Dismiss and Motion to Dismiss" (ECF No. 11) has been treated by the Court as the pre-answer response Respondents were directed to file. It is

FURTHER ORDERED that application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __19th__ day of __September__, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00699-BNB

John W Gunter
Prisoner No. 93555
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on September 19, 2011.

                        GREGORY C. LANGHAM, CLERK

                  By: _____
                            Deputy Clerk